UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LARRY W. FIELDS,<br><br>        Petitioner,<br><br>    v.<br><br>STATE OF WASHINGTON,<br><br>        Respondent. | CASE NO. C07-5544RJB<br><br>REPORT AND RECOMMENDATION<br><br>Noted for June 5, 2009 |

The underlying Petition for a Writ of Habeas Corpus has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and 636 (b)(1)(B), and Local Magistrates Rule MJR3 and MJR4. Petitioner is seeking federal habeas relief, pursuant to 28 U.S.C. § 2254, from May 20, 1998 felony convictions arising out of Kitsap County, Washington. Petitioner was sentenced to serve 97.5 months in prison, and he was most recently serving that sentence in a prison located in Arizona.

## FACTUAL AND PROCEDURAL BACKGROUND

The Petition in this matter was submitted and filed by the Court clerk in October 2007. Petitioner immediately moved to stay the case pending resolution of related state court litigation. The court granted a stay, but directed Petitioner to keep the court informed as to the status of the state court proceedings. On August 22, 2008, Petitioner filed a status report with the court, asking for further time, and the court extended the stay until March 3, 2009.

Petitioner failed to file a status report in March, and on March 18, 2009, the court directed Petitioner to file the report by not later than April 17, 2009. Petitioner was warned that if a report was not filed by this date, the undersigned would recommend dismissal of the case. To date Petitioner has not filed any pleadings with the court since August 2008.

## DISCUSSION

District courts must dismiss "mixed" habeas petitions, containing both exhausted and unexhausted claims. Rose v. Lundy, 455 U.S. 509, 522 (1982). A petitioner who has filed a mixed petition has the choice of amending the petition by deleting the unexhausted claims, or dismissing the petition and pursuing the unexhausted claims in state court. Id. at 510. District courts may use a "stay-and-abeyance" procedure in which the court dismisses the unexhausted claims while staying the remaining exhausted claims. Rhines v. Weber, 544 U.S. 269, 275-77; Calderon v. United States District Court (Taylor), 134 F.3d 981, 988 (9th Cir.1998).

This matter was previously stayed to allow Petitioner the time to properly exhaust his federal habeas claims presented in the underlying Petitioner. Plaintiff has failed to keep the court informed regarding the status of his state court proceedings, and thus, the Petition still contains "mixed" claims. Petitioner has been given the opportunity to exhaust his claims, but he has failed to keep the court informed as to the status of his state court proceedings. It appears Petitioner has been released from prison and has abandoned this litigation.

REPORT AND
RECOMMENDATION - 2

Finally, it is the *pro se* party's responsibility to keep the clerk informed of his or her current address to ensure timely notification of court action. Local Rule CR 41(b)(2) states:

> A party proceeding pro se shall keep the court and opposing parties advised as to his current address. If mail directed to a pro se plaintiff by the clerk is returned by the Post Office, and if such plaintiff fails to notify the court and opposing parties within 60 days thereafter of his current address, the court may dismiss the action without prejudice for failure to prosecute.

Here, Petitioner was directed to file a status report by not later than March 3, 2009. Petitioner failed to file the report, and he was given another opportunity to submit the report but also failed. On March 19, 2009, the court clerk sent a copy of the court's order to Petitioner directing him to file a status report. This most recent order issued by the court has been returned by the U.S. Postal service as undeliverable. On the outside of the envelope it states Petitioner has been released from the Arizona prison. The court is unaware of Petitioner's current location or address.

## CONCLUSION

Based on the foregoing discussion, the Court should dismiss this matter without prejudice for failure to prosecute. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **June 5, 2009**, as noted in the caption.

Dated this 11th day of May, 2009.

J. Richard Creatura
United States Magistrate Judge

REPORT AND
RECOMMENDATION - 3